IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ZANAIB MALIK | * | |
| *Plaintiff,* | * | Case No.: 1:22-cv-03356-RDB |
| v. | * | |
| CENTENNIAL MEDICAL GROUP, LLC et, al. | * | |
| | * | |
| *Defendants*. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

**PROCEDURAL BACKGROUND**

Plaintiff, Zanaib Malik, ("Ms. Malik") a South Asian woman of color, was employed by Defendants from October 2020 until she was wrongfully terminated in May 2021. On September 30, 2022, the U.S. Equal Employment Opportunity Commission ("EEOC") issued a Determination and Notice of Rights, informing Plaintiff that if she chose to file a lawsuit against Defendants, such a lawsuit must be filed within 90 days of Plaintiff's "receipt of [such] notice."

On December 28, 2022, Plaintiff filed a Complaint, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1991, at 42 U.S.C. § 1981(a) ("Title VII") and the Maryland Fair Employment Practices Act ("MFEPA"). Plaintiff's Notice of Summons was filed on December 29, 2022, and on December 30, 2022, the Summons was issued by the Court.

On March 30, 2023, the Plaintiff filed a Line to Reissue Summons. Subsequently, on May 18, 2023, almost two months after Plaintiff's request for the Summons to be reissued, the Court issued correspondence, informing Plaintiff that, in order for the Summons to be reissued, Plaintiff needed to file the original Summons as an exhibit to the Line to Reissue Summons. On

COLLINS LEGAL GROUP
1122 Kenilworth Drive
Suite 507
Baltimore, MD 21204
O: (410) 462-4529
F: (410) 995-7200

June 5, 2023, Plaintiff subsequently filed a Motion to Extend Time to serve Defendants, which was granted on June 6, 2023.

On August 14, 2023, Defendants filed a Motion to Dismiss erroneously contending that they were not served with the Summons and Complaint within the time required by Fed. R. Civ. P. 4(m) and that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  Plaintiff subsequently filed a response in opposition to Defendants' Motion to Dismiss and now seeks leave to amend the Complaint to add additional factual allegations in support of her claims.

### **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a Complaint "shall be freely given when justice so requires."  It is well settled that "this mandate is to be heeded," as such, "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 2279 (1962).  Whether to grant Plaintiff the opportunity to amend a complaint is within the discretion of the District Court.  *Young v. Giant Food Stores, LLC*, 108 F.Supp.3d 301, 308-09 (2015) (internal citations omitted).  However, "a motion to amend should be denied only when it would be prejudicial, there has been bad faith, or amendment would be futile." *Pilger v. D.M. Bowman, Inc.*, No. WDQ–10–597, 2011 WL 2579822, at *1 (D.Md. June 24, 2011) (quoting *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001)); *see also*, *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).  An amendment is futile if it "fails to satisfy the requirements of the federal rules." *Guardian Life Ins. Co. v. Reinaman*, No. WDQ–10–1374, 2011 WL 2133703 (D.Md. May 26, 2011) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376

COLLINS LEGAL GROUP
1122 Kenilworth Drive
Suite 507
Baltimore, MD 21204
O: (410) 462-4529
F: (410) 995-7200

(4th Cir.2008) (citation omitted)).

## ARGUMENT

The Fourth Circuit has "interpreted Rule 15(a) to provide that, leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber* 438 F.3d at 426 (internal quotations and citation omitted). Rule 15 "mandates a liberal reading of the rule's direction for 'free' allowance: motions to amend are to be granted in the absence of a 'declared reason' 'such as undue delay, bad faith or dilatory motive ..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party [or] futility of amendment, etc." *Ward Elecs. Serv., Inc. v. First Com. Bank*, 819 F.2d 496, 497 (4th Cir. 1987) (quoting *Foman*, 371 U.S. at 182. "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427.  For instance, in *Alston v. TowneBank*, No. GJH-20-690, 2022 WL 743934, at *2 (D. Md. March 11, 2022), the Court denied the Plaintiff's attempt to file a fourth amended complaint, finding that the Defendants had already responded to several iterations of the Plaintiff's complaints and that permitting the Plaintiff to file another amended would "require Defendants to expend more time and resources and…deprive Defendants of their ability to test the sufficiency Plaintiff's claims."

Unlike the Plaintiff in *Alston*, Plaintiff Ms. Malik has not previously moved to amend her complaint.  Additionally, Defendants have not responded to Plaintiff Ms. Malik's original Complaint, nor has discovery commenced in this matter. As such no undue resources have been expended by Defendants, therefore allowing Plaintiff Ms. Malik to amend her complaint would not be prejudicial to Defendants.

COLLINS LEGAL GROUP
1122 Kenilworth Drive
Suite 507
Baltimore, MD 21204
O: (410) 462-4529
F: (410) 995-7200

In this first request to amend her Complaint, Plaintiff Ms. Malik seeks to assert her claims with greater clarity. Where an amended complaint seeks to provide more detail than the original complaint, courts have found that "permitting the filing of the Amended Complaint would be beneficial to the efficient resolution of [the] case." *Thomas v. Delmarva Power & Light Co.*, No. RDB-15-0433, 2016 WL 374076, at *3 (D. Md. Feb. 1, 2016) (citing *Fox v. Portico Reality Services Office*, 739 F. Supp. 2d. 912, 927 (E.D. Va. 2010)). In *Thomas*, after finding no evidence of prejudice, undue delay, bad faith, or futility, the court afforded the plaintiff the "opportunity to proceed with discovery with respect to his claims," and permitted the filing of the Amended Complaint. *Id*. In declining to conclude that the Amended Complaint was futile, given the newly added details of the amendment, the *Thomas* court went on to cite the holding of *Johnson v. Oroweat Foods Co.*, that an Amended Complaint is futile only when the amendment is "clearly insufficient or frivolous on its face." 785 F.2d 503, 510 (4th Cir. 1986).

Plaintiff Ms. Malik's only intention in amending her Complaint is to provide more factual details in support of her claims. The requested amendment bolster's Plaintiff's Ms. Malik's already strong claims of employment discrimination on the part of Defendants; as such, the Amended Complaint is sufficient and not futile. Additionally, there is no undue delay or bad faith indicated in the procedural history of this matter. Given the newly added details provided Plaintiff Ms. Malik's Amended Complaint, leave to amend is warranted.

WHEREFORE, for the reasons enumerated above Plaintiff Zanaib Malik respectfully requests that this Honorable Court GRANT Plaintiff's Motion for Leave to Amend Complaint.

**[SIGNATURE ON THE FOLLOWING PAGE]**

COLLINS LEGAL GROUP
1122 Kenilworth Drive
Suite 507
Baltimore, MD 21204
O: (410) 462-4529
F: (410) 995-7200

Respectfully Submitted,
**COLLINS LEGAL GROUP, LLC**

_____
*Tiffani S. Collins*, Esquire
Federal Bar No.: 29274
1122 Kenilworth Drive, Suite 507
Towson, Maryland 21204
O: (410) 462-4529
F: (410) 995-7200
tiffani@tcollinslaw.com
*Counsel for Plaintiff Zanaib Malik*

COLLINS LEGAL GROUP
1122 Kenilworth Drive
Suite 507
Baltimore, MD 21204
O: (410) 462-4529
F: (410) 995-7200

5