**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ZANAIB MALIK | * | |
| *Plaintiff,* | * | Case No.: 1:22-cv-03356-RDB |
| v. | * | |
| CENTENNIAL MEDICAL GROUP, LLC, *et al.* | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION FOR LEAVE FILE AMENDED COMPLAINT

Defendants, Centennial Medical Group, PA, Premier Medical Management LLC, First Call Urgent Care, LLC, and Megan Quinn (collectively, "Centennial" or Defendants"), through their attorneys, oppose Plaintiff Zanaib Malik's Motion for Leave to File Amended Complaint.

## FACTS AND PROCEDURAL POSTURE

1. On December 28, 2022, Plaintiff filed her Complaint. [ECF 1].

2. On August 14, 2023, Defendants moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12 and because Plaintiff had not served Centennial within the time required by Fed. R. Civ. P. 4. [ECF 11].

3. On August 28, 2023, Plaintiff filed a response in opposition to Centennial's motion to dismiss [ECF 12].

4. Under Fed. R. Civ. P. 15(a), Plaintiff could file an amendment complaint without leave of court on or before September 4, 2023. Plaintiff failed to do so.

5. On September 10, 2023, Plaintiff filed an amended complaint without requesting opposing counsel's consent as required by Local Rule 103.6 and without seeking leave of court [ECF 13]. The Court rejected the amended complaint noting that a motion for leave to amend was required. [ECF 14].

1

6. On September 12, 2023, there being no amended complaint on file, Centennial filed a reply to Plaintiff's opposition to Centennial's motion to dismiss the Complaint. [ECF 15].

7. On September 16, 2023, Plaintiff moved for leave to amend and attached a proposed amended complaint. [ECF 16].

## LEGAL STANDARD

A party may amend its pleading once as a matter of course no later than 21 days after serving it or 21 days after service of a motion filed under Rule 12(b). *See* Fed. R. Civ. P. 15(a). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Although a court may grant leave to amend when justice so requires, leave to amend should be denied only if prejudice, bad faith, or futility is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). The decision whether to grant leave to amend a pleading generally falls within the sound discretion of the district court. *Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W. Va.*, 985 F.2d 164, 167 (4th Cir. 1993).

The Court should deny Plaintiff's motion for leave to amend her complaint because the amendment was filed without first satisfying the Local Rules' consent requirement, the amendment is futile, and amending at this juncture will unfairly prejudice Defendants.

## ARGUMENT

**1.  Local Rule 103.6(d) Required Plaintiff to Seek Defendants' Consent Before Moving For Leave to Amend.**

First, Plaintiff did not comply with the Local Rules by requesting Defendants' consent before filing a motion to amend. Local Rule 103.6(d) states: "Before filing a motion requesting leave to file an amended pleading, counsel shall attempt to obtain the consent of other counsel. Counsel shall state in the motion whether the consent of other counsel has been obtained." L.R.

103.6(d). Plaintiff gives no reason for not complying with the Local Rules. Accordingly, the motion is not properly before the Court.

      **2.**      **The Proposed Amendment is Futile Because the Amended Complaint Does Not Include Sufficient Facts to Allege Causes of Action.**

The Plaintiff's proposed amend complaint is futile. "[A] district court 'may deny leave if amending the [pleading] would be futile—that is, if the proposed amended [pleading] fails to satisfy the requirements of the federal rules." *Allegis Grp., Inc. v. Bero*, No. CV ELH-22-686, 2023 WL 5989438, at *9 (D. Md. Sept. 1, 2023) (citing *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)). An amendment is futile when the proposed amendment is "clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

The proposed amended complaint suffers from the same defects as the current complaint. Plaintiff's proposed amended complaint continues to offer nothing more than conclusory characterizations and legalese. Among other things, the proposed amendment still fails to allege any specific facts concerning the supposed racially charged language allegedly used at work. Plaintiff still does not allege beyond labels and conclusions how she was treated differently by her supervisor and allegedly subjected to "workload, and job duties that were significantly greater than her white coworkers in comparable positions." *See* Proposed Amended Complaint, ¶ 24. Although Plaintiff's proposed amendment offers a few additional details – such as the names of a few coworkers – those details fail to adequately detail any alleged actionable discrimination pursuant to well settled law in this Circuit.

For example, Plaintiff's proposed amendment adds the allegation that a white colleague, Schluederberg, "received preferential treatment, schedule accommodations, and priority in assignments over Plaintiff and other employees of color such as Ms. Mays." *Id.* at ¶ 28. Such generic allegations of "preferential treatment," however, are precisely the type of conclusory

averments that fail to adequately state a claim of discrimination. *See also Gibson v. Valley Ave. Drive-In Restaurants, LLC*, 597 F. App.'x 568, 570 (11th Cir. 2014) (affirming a district court's finding that various instances of preferential treatment of certain male employees were not sufficiently significant to constitute an adverse employment action).

In sum, the proposed amendment, like the current complaint, contains mere conclusory allegations that fall short of alleging sufficiently detailed facts to support the elements of the claim, including that Plaintiff was subjected to racial discrimination and that her report of alleged discrimination proximately caused her to be terminated rather than her poor work performance.

### 3. Allowing Plaintiff To Amend Her Complaint Will Unfairly Prejudice Centennial.

Defendants will be prejudiced by allowing an amended complaint because the amendment is futile and the parties have fully briefed the motion to dismiss, which is ripe for decision. Allowing plaintiff to amend at this juncture will cause Defendants to incur the needless additional expense of responding to the proposed amended complaint in addition to fully responding to the original Complaint. Plaintiff filed her Complaint on December 28, 2022. The complaint was legally deficient and frivolous. Plaintiff failed to timely serve her original complaint and has never properly served all Defendants. Plaintiff waited nine (9) months after she filed her initial complaint before she attempted - unsuccessfully – to sufficiently plead her discrimination claims. And, even then, instead of amending her complaint within 21 days of service of Defendants' Rule 12(b) motion, Plaintiff opposed the motion to dismiss the original complaint and then filed an untimely amended complaint without first contacting Centennial's counsel and without moving for leave to amend.

In sum, this action has been riddled with fatal substantive and procedural defects since its inception. Permitting Plaintiff to cause further delay and expense by granting leave to amend only

serves to compound the prejudice to Defendants. The amendment fails to state a claim because Plaintiff has no valid claim to state. As such, this Court should exercise its discretion and deny leave to amend and grant the Defendants' Motion to Dismiss.

## **CONCLUSION**

Plaintiff's motion should be denied. Defendants' motion to dismiss was fully briefed by the time Plaintiff moved for leave to amend and Plaintiff gave no reason why she did not amend within 21 days of service of the motion to dismiss. The amended complaint would be futile. It does not contain facts giving rise to a hostile work environment claim and the additional allegations do not support a claim that Plaintiff's alleged complaint of discrimination proximately caused her termination rather than her poor work performance.

Dated: October 2, 2023                Respectfully submitted,

                                                             /s/ Ramsay M. Whitworth
Ramsay M. Whitworth (Fed. Bar No. 26251)
Michael J. Levin (Fed. Bar No. 19802)
SILVERMAN THOMPSON SLUTKIN & WHITE, LLC
400 East Pratt Street, Suite 900
Baltimore, Maryland 21202
(T) (410) 385-2225
(F) (410) 547-2432
rwhitworth@silvermanthompson.com
mlevin@silvermanthompson.com
*Attorneys for Defendants Centennial Medical Group, LLC Centennial Medical Group, PA Premier Medical Management, LLC, and Megan Quinn*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 2, 2023, I filed a copy of Defendants' Opposition to Plaintiff's Motion for Leave to File Amended Complaint in the CM/ECF system, which caused a copy to be electronically served upon all counsel of record.

                                          */s/ Ramsay M. Whitworth*
                                    Ramsay M. Whitworth (Fed. Bar No. 26251)