**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ZAINAB MALIK, | * | |
| *Plaintiff,* | * | |
| v. | * | CIVIL NO. RDB-22-3356 |
| CENTENNIAL MEDICAL | * | |
| GROUP, LLC, *et al.,* | | |
| | * | |
| *Defendants.* | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM ORDER**

Plaintiff Zainab Malik ("Plaintiff" or "Malik") brings this suit in a four-count Complaint against Defendants Centennial Medical Group, LLC[1] ("Centennial LLC"), Centennial Medical Group, PA ("Centennial"), Premier Medical Management, LLC ("Premier"), First Call Urgent Care, LLC ("First Call"), and Megan Quinn ("Quinn"), in her individual and official capacity, for claims of race and color discrimination, hostile work environment, and retaliation. (ECF No. 1 at 3–4, 7–10.) Specifically, Plaintiff alleges race and color discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 (Count I); violation of the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code, State

---

[1] In their Motion to Dismiss (ECF No. 11), Defendants note that Defendant Centennial Medical Group, LLC "is not a proper party to this action, as "Centennial Medical Group, LLC was dissolved on May 19, 2020 by the duly filed Articles of Cancellation filed with the Maryland State Department of Assessments and Taxation" and "Plaintiff was never employed by Centennial Medical Group, LLC." (*Id.* at 1 n.1.) As such, all claims against Centennial Medical Group, LLC are DISMISSED WITH PREJUDICE and the Clerk of Court is instructed to ALTER the case caption accordingly.

GOV'T § 20-606 (Count II); retaliation under Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 1981 (Count III); and retaliation under MFEPA (Count IV).[2]

On August 14, 2023, Defendants filed a Motion to Dismiss pursuant to Federal Rules

of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6), (ECF No. 11), which is fully briefed (ECF

Nos. 12, 15) and remains pending on this Court's docket. On September 16, 2023, Plaintiff

filed a Motion for Leave to File Amended Complaint, (ECF No. 16), which also remains

pending. Defendants responded in opposition, (ECF No. 17), and pursuant to Local Rule

103.2(a), Plaintiff had until October 16, 2023, to reply but did not do so. After review of the

parties' submissions, this Court held a telephonic hearing on the parties' motions on

October 23, 2023.

For the reasons set forth on the record and set forth more fully below, Plaintiff's

Motion for Leave to File Amended Complaint, (ECF No. 16), is GRANTED; and

Defendants' Motion to Dismiss, (ECF No. 11), is GRANTED IN PART and DENIED IN

PART. Specifically, Plaintiff's race and color discrimination claim under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 1981 (Count I) is DISMISSED WITH PREJUDICE as to

Centennial LLC; Plaintiff's violation of the MFEPA claim (Count II) is DISMISSED WITH

PREJUDICE as to Centennial LLC; Plaintiff's retaliation claim under Title VII of the Civil

Rights Act of 1964 (Count III) is DISMISSED WITH PREJUDICE as to all Defendants;

Plaintiff's retaliation claim under the MFEPA (Count IV) is DISMISSED WITH

PREJUDICE as to all Defendants. Accordingly, this case shall proceed with respect to the 42

---

[2] Both Plaintiff's originally-filed Complaint and her Amended Complaint (ECF Nos. 1, 16-2) include two claims identified as "Count III." For clarity, this memorandum order will refer to Plaintiff's retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 as "Count III," and the retaliation claim under MFEPA as "Count IV."

U.S.C. § 1981 claim set forth in Count I against Defendants Centennial PA, Premier, First Call, and Quinn, and with respect to the MFEPA claim set forth in Count II against Defendants Centennial PA, Premier, First Call, and Quinn.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Except where otherwise indicated, the following facts are derived from Plaintiff's Amended Complaint (ECF No. 16-2) and accepted as true for the purpose of Defendants' Motion to Dismiss (ECF No. 11).

Plaintiff Zanaib Malik ("Plaintiff" or "Malik") is a South Asian woman of color who was jointly employed as a medical assistant by Defendants Centennial Medical Group, PA ("Centennial"); Premier Medical Management, LLC ("Premier"); and First Call Urgent Care, LLC ("First Call") (collectively, the "healthcare provider Defendants") from October 2020 until her termination in May 2021. (ECF No. 16-2 at 4.) Plaintiff's job responsibilities included day-to-day administrative duties, preparing patients, and assisting doctors also employed by the healthcare provider defendants. (*Id.*) Plaintiff's direct supervisor was Defendant Megan Quinn ("Quinn"), a white woman. (*Id.* at 5.) Malik alleges that she was subject to a pattern of discrimination by Defendant Quinn that created a hostile work environment throughout her employment. (*Id.* at 5.)

According to Malik, Defendant Quinn often singled Plaintiff out, subjecting her to expectations, workload, and job duties significantly greater than those of white employees in

comparable positions. (*Id.*) Malik alleges that Quinn overly scrutinized Plaintiff's work; publicly criticized, berated, and demeaned Plaintiff and other employees of color for their race; and used "historically[] racially charged adjectives and terms to describe employees of color and their job performance." (*Id.* at 6.) Plaintiff further alleges that while she and other co-workers of color, including LaTia Mays ("Mays"), a Black woman, were denied scheduling flexibility during the COVID 19 pandemic, white co-workers such as Katie Schluederberg ("Schluederberg") received scheduling accommodations "to play sports" and arrive late to work. (*Id.* at 5.) According to Malik, Schluederberg also received preferential treatment such as priority assignments over Plaintiff, Mays, and other colleagues of color. (*Id.* at 6) Despite this environment, Plaintiff received praise from patients and successfully performed her duties throughout her employment. (*Id.*)

Plaintiff alleges that in February 2021 she followed the internal policies in healthcare provider Defendants' handbook, to report Defendant Quinn's harassment and discrimination to Shaska Thomas ("Thomas"), the healthcare provider Defendants' Director of Operations. (*Id.* at 7.) Thomas instructed Plaintiff to create strategies to interact with Quinn and eventually advised Plaintiff to contact Connor Ferguson, ("Ferguson"), the healthcare provider Defendants' Managing Partner and CEO. (*Id.*) Malik further alleges that she reported Defendant Quinn's discriminatory acts to Ferguson in March 2021, but Ferguson neither investigated nor addressed the complaint. (*Id.*)

After Plaintiff's report, Defendant Quinn issued Plaintiff a written disciplinary action that Malik claims inaccurately accused her of poor work performance. (*Id.*) According to Malik, Thomas later removed the disciplinary action from Plaintiff's file because it was unwarranted

and did not comply with the healthcare provider Defendants' policies and procedures. (*Id.*)
Plaintiff alleges that in May 2021, Nicole Hammet ("Hammet"), one of the healthcare provider
Defendants' human resources officers, instructed Malik not to meet with Quinn alone. (*Id.* at
8.) Sometime thereafter, Defendants abruptly terminated Plaintiff, which Plaintiff contends
was an act of retaliation. (*Id.*)

Plaintiff then filed a charge of discrimination with the United States Equal
Employment Opportunity Commission ("EEOC"), alleging violation of Title VII of the Civil
Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (*Id.* at 3.) On September 30, 2022, the EEOC
issued a Determination and Notice of Rights making "no findings as to the merits of any other
issues that might be construed as having been raised by this Charge." (*Id.* at 3.)

On December 28, 2022, Plaintiff filed a four-count complaint alleging race and color
discrimination and retaliation in violation of both Title VII of the Civil Rights Act of 1964, 42
U.S.C. § 1981, and the MFEPA. (ECF No. 1.) This Court issued a Summons on
December 30, 2022, but Plaintiff did not effectuate service on Defendants within 90 days of
issuance of the Summons. (ECF No. 11 at 1.) On March 30, 2023, Plaintiff requested
reissuance of the Summons. (ECF No. 5.) On May 18, 2023, this Court notified Plaintiff that
the request was filed incorrectly because Plaintiff failed to include the proposed summons to
be issued. On June 5, 2023, Plaintiff requested an extension for effectuating service, simply
noting "[t]o date, the private process server has not been able to successfully serve all five (5)
Defendants." (Pl.'s Mot. Extend Time, ECF No. 7.) The Court granted the request for
extension of time on June 5, 2023. (Marginal Order, ECF No. 8.) As of August 14, 2023,
Defendants had yet to be properly served. (ECF No. 11 at 2.)

On August 14, 2023, Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6), (ECF No. 11), which is fully briefed (ECF Nos. 12, 15) and remains pending on this Court's docket. On September 16, 2023, Plaintiff filed a Motion for Leave to File Amended Complaint, (ECF No. 16), which also remains pending. Defendants responded in opposition, (ECF No. 17), and pursuant to Local Rule 103.2(a), Plaintiff had until October 16, 2023, to reply but did not do so. This Court held a telephonic hearing on October 23, 2023, and both pending motions are ripe for review.

## STANDARDS OF REVIEW

### I.  Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides the general framework for amending pleadings. Specifically, Rule 15(a) provides that, after a response pleading is served, a plaintiff may amend his complaint "by leave of court or by written consent of the adverse party." In general, leave to amend a complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so requires." FED. R. CIV. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lance v. Prince George's County, Md.*, 199 F. Supp. 2d 297, 300–01 (D. Md. 2002). Nevertheless, the matter is committed to the discretion of the district court, which may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011); *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

II.     **Motion to Dismiss**

A.  **Rule 12(b)(4)**

Federal Rule of Civil Procedure 12(b)(4) permits a motion to dismiss for insufficient process. Typically, a motion to dismiss pursuant to Rule 12(b)(4) asserts a defect in the form or substance of process, rather than challenging the method of service. *Srivastava v. Kelly Servs., Inc.*, 2022 WL 2716868, at *2 (D. Md. July 13, 2022); *Allen v. Cort Trade Show Furnishings*, ELH-19-2859, 2021 WL 1312898, at *2 (Md. Apr. 8, 2021). This Court can exercise personal jurisdiction over a defendant only after the defendant has received valid service of summons. *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *see also Sparks v. Transit Mgmt. of Cent. Md., Inc.*, ELH-21-1598, 2021 WL 5742336, at *3 (D. Md. Dec. 2, 2021) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Once a defendant has challenged service under Rule 12(b)(4), the plaintiff bears the burden of demonstrating valid service pursuant to the requirements of Fed. R. Civ. P. 4. *Fraley v. Meritus Medical Center, Inc.*, RDB 20-1023, 2021 WL 1215079, at *2 (D. Md. Mar. 31, 2021).

B.  **Rule 12(b)(5)**

Because a federal court can exercise personal jurisdiction over a defendant only after that defendant has been properly served, Federal Rule of Civil Procedure 12(b)(5) permits a motion to dismiss for insufficient service of process. *See Allen*, 2021 WL 131898, at *2 (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 228 (4th Cir. 2019)). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Parker v.*

*Am. Brokers Conduit*, 179 F. Supp. 3d 509, 515 (D. Md. 2016) (citing *O'Meara v. Waters*, 464 F.

Supp. 2d 474, 476 (D. Md. 2006)); *Norlock v. City of Garland*, 768 F. 2d 654, 656 (5th Cir. 1985).

While in some cases the failure to strictly comply with Rule 4 may not invalidate service of

process if the defendant acquires actual notice of the pending action, the plain requirements

for effecting service of process may not be ignored. *Armco*, 733 F.2d at 1089; *Aryes v. Ocwen*

*Loan Servicing, LLC*, 129 F. Supp. 3d 249, 260 (D. Md. 2015).

Proper service under both Rule 12(b)(4) and Rule 12(b)(5) implicates the requirements

of Federal Rule of Civil Procedure 4. *See, e.g.*, *Sparks*, 2021 WL 5742336, at *3. Under Federal

Rule of Civil Procedure 4(e), an individual defendant may be served in a judicial district of the

United States by: (1) following state law for serving a summons in an action brought in courts

of general jurisdiction in the state where the district court is located or where service is made;

or (2) doing any of the following: (A) delivering a copy of the summons and complaint to the

individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of

abode with someone of suitable age and discretion who resides there; or (C) delivering a copy

of each to an agent authorized by appointment or by law to receive service of process. FED.

R. CIV. P. 4(e). In Maryland, a plaintiff may serve process on an individual by certified mail

with restricted delivery and return receipt stating to whom process is delivered and the date

and address of delivery. Md. Rule 2–121(a).

Similarly, under Federal Rule of Civil Procedure 4(h), a domestic corporation subject

to suit under a common name must be served:

> (1) In a judicial district of the United States:
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>     (B) by delivering a copy of the summons and of the complaint to an officer,
>         a  managing  or  general  agent,  or  any  other  agent  authorized  by

> appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

FED R. CIV. P. 4(h). As noted above, an individual in Maryland may be served by certified mail with restricted delivery and return receipt stating to whom process is delivered and the date and address of delivery. Md. Rule 2–121(a). Maryland law further provides that "service is made upon a corporation, association, or joint stock company by serving its resident agent, president, secretary, or treasurer." Md. Rule 2–124(d).

### C. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic

recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

## ANALYSIS

### I.    Plaintiff's Motion for Leave to Amend

In general, leave to amend a complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so requires." FED. R. CIV. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lance v. Prince George's County, Md.*, 199 F. Supp. 2d 297, 300–01 (D. Md. 2002). Nevertheless, the matter is committed to the discretion of the district court, which may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011); *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

Plaintiff asserts that permitting her to file an Amended Complaint would serve justice and promote judicial efficiency without causing substantial or undue prejudice, bad faith, delay,

or futility. (ECF No. 16-1 at 1.) Plaintiff emphasizes that her Amended Complaint would provide enhanced factual support for her claims and attaches the proposed Amended Complaint. (ECF No. 16-1 at 4.) Specifically, the Amended Complaint newly specifies the race of each individual named in the complaint; clarifies that Quinn's discrimination began in October 2020 and lasted the duration of Plaintiff's employment; and names LaTia Mays, Katie Schluederberg, Shaska Thomas, Connor Ferguson, and Nicole Hammet as other employees of healthcare provider Defendants. (ECF No. 16-2 at 5–8.) Additionally, the Amended Complaint adds that Plaintiff reported Quinn's discrimination to Thomas in February 2021, and Thomas advised Plaintiff to create strategies to interact with Quinn and to avoid Quinn's behaviors. (*Id.* at 8.) The Amended Complaint also references that Plaintiff reported Quinn's harassment to Ferguson in March 2021. (*Id.* at 7.) Finally, the Amended Complaint alleges, for the first time, that in March 2021, Quinn issued a written disciplinary action against Plaintiff for poor work performance, but Thomas later removed that disciplinary action from Plaintiff's personnel file. (*Id.* at 8.) Finally, the Amended Complaint specifies that Plaintiff was terminated in May 2021. (*Id.*)

As explained above, Rule 15(a) is construed to freely allow amendments where it would not prejudice defendants. Here, as discussed on the record, this Court can freely grant Plaintiff's Motion for Leave to Amend (ECF No. 16) without prejudicing Defendants by treating Defendants' Motion to Dismiss (ECF No. 11) as if it addresses the Amended Complaint. Accordingly, Plaintiff's Motion for Leave to Amend (ECF No. 16) is GRANTED, and this Court will treat Defendant's Motion to Dismiss (ECF No. 11) as if it addresses Plaintiff's Amended Complaint (ECF No. 16-2).

II.    **Motion to Dismiss**

   A.  **Insufficient Service of Process Under Rules 12(b)(4) and 12(b)(5)**

As explained above, Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) permit motions to dismiss for insufficient process and insufficient service of process, respectively. This Court can exercise personal jurisdiction over a defendant only after the defendant has received valid service of summons. *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *see also Sparks v. Transit Mgmt. of Cent. Md., Inc.*, ELH-21-1598, 2021 WL 5742336, at *3 (D. Md. Dec. 2, 2021). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006); *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 515 (D. Md. 2016); *Fraley v. Meritus Medical Center, Inc.*, RDB 20-1023, 2021 WL 1215079, at *2 (D. Md. Mar. 31, 2021).

However, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court. *Caldwell v. Caldwell*, No. 06-2891, 2008 WL 11509335, at *1 (D. Md. Feb. 29, 2008); *Karlson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco*, 733 F.2d at 1089. When there is actual notice, failure to strictly comply with Rule 4 may not invalidate the service of process; however, plain requirements for the means of effecting service of process may not be ignored. *Britt v. Seledee Law Grp., LLC*, No. 19-3446, 2020 WL 1984904, at *3 (D. Md. Apr. 27, 2020); *Armco*, 733 F.2d at 1089.

Defendants argue that Plaintiff's Complaint should be dismissed because Plaintiff did not show good cause for her failure to serve defendants within 90 days of filing, and

Defendants still had not been properly served as of August 14, 2023.[3] (ECF No. 11-1 at 10.) Plaintiff did not move to extend time for service before the 90-day timeline expired. (*Id.* at 11–12.) Plaintiff instead filed an incomplete Line to Reissue Summons (ECF No. 5) on March 30, 2023, 92 days after filing the Complaint, briefly noting that her "private process server ha[d] not been able to successfully serve all five (5) Defendants." (*Id.* at 10–11.) Plaintiff did not explain why her private process server had been unable to serve Defendants and did not file a proper Motion for Extension of Time until June 5, 2023, 159 days after the Complaint was filed. (*Id.* at 11.) Federal Rule of Civil Procedure 4(m) does not afford courts discretion to extend time if a motion for an extension has not been filed before the 90-day period expires. (*Id.*) Defendants urge dismissal because Plaintiff has not provided this Court sufficient basis to exercise its discretion to extend the timeline for service. (*Id.* at 12.)

This Court must grant an extension of service if a plaintiff shows good cause for failure to serve before the deadline. *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022). Even if a plaintiff cannot show good cause, however, this Court still enjoys discretion to grant an extension of time to serve defendants. *Id.* At bottom, Defendants argue that Plaintiff's claims should be dismissed for insufficient service of process because Plaintiff's counsel failed to attach a summons to Plaintiff's Motion for Leave to Amend her Complaint (ECF No. 16). Although Defendants have not received proper service of process, all Defendants clearly received actual notice of Plaintiff's Complaint and Motion for Leave to Amend her Complaint. Accordingly, the Court will not dismiss the Complaint on this basis and will address the

---

[3] Defendants also note that Plaintiff did not follow proper procedure to contact Defendants' counsel before filing an Amended Complaint. (ECF No. 17 at 4.)

sufficiency of Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

### B.  Race and Color Discrimination Under the Civil Rights Act of 1964 (Count I) and Violation of MFEPA (Count II)

To allege disparate treatment without direct evidence of animus under Title VII, "a plaintiff must plead: '(1) his membership in a protected class; (2) his satisfactory job performance; (3) an adverse employment action; and (4) similarly situated employees outside the protected class who received more favorable treatment.'"[4] *Bliss v. Garland*, No. 122CV563PTGIDD, 2023 WL 4627435, at *6 (E.D. Va. July 19, 2023) (citing *Tabb v. Bd. of Ed. of Durham Public Schools*, 29 F.4th 148, 157 (4th Cir. 2022)). The Fourth Circuit requires a complaint to establish a plausible basis for believing that race was the true basis for the adverse employment action. *See McCleary-Evans v. Md. DOT*, 780 F.3d 582, 584 (4th Cir. 2015) (citing *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010)); *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 288 (4th Cir. 2012) (noting that *Iqbal* and *Twombly* "require more specificity from complaints in federal civil cases than was heretofore the case").

Similarly, to allege a claim of hostile work environment, a Plaintiff must sufficiently allege that the challenged conduct was (1) "unwelcome;" (2) based on a protected class; (3) "'sufficiently severe or pervasive' to alter the conditions of her employment;" and (4) "imputable to her employer." *Pueschel v. Peters*, 577 F.3d 558, 564–65 (4th Cir. 2009) (citations

---

[4] Because MFEPA is the state analogue of Title VII, Maryland courts "traditionally seek guidance from federal cases in interpreting [MFEPA]," *Haas v. Lockheed Martin Corp.*, 396 Md. 439, 914 A.3d 735, 742 (Md. 2007). Thus, this Court frequently applies Title VII caselaw to adjudicate MFEPA and Title VII claims together. *See Linton v. Johns Hopkins Univ. Applied Physics Lab.*, LLC, No. 10-0276, 2011 WL 4549177, at *4 n.3 (D. Md. Sept. 28, 2011); *Alexander v. Marriott Intern., Inc.*, No. RWT 09-cv-2402, 2011 WL 1231029, at *6 (D. Md. Mar. 28, 2011); *Meyers v. Carroll Ind. Fuel Co.*, No. 09-1633, 2011 WL 43085, at *4-5 (D. Md. Jan. 6, 2011). Accordingly, this Court will address Plaintiff's disparate treatment claims, Counts I and II, together and her retaliation claims, Counts III and IV, together.

omitted). As Defendants note, this test imposes a deliberately high bar that requires more than mere allegations of "callous behavior" and "personality conflict" with supervisors. *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315–16 (4th Cir. 2008); (ECF No. 11-1 at 8). As discussed on the record, to the extent that Plaintiff alleges hostile work environment under Title VII and MFEPA, her claims are not sufficiently pled.

To the extent that Plaintiff's Amended Complaint alleges disparate treatment under Title VII and the MFEPA, Plaintiff alleges sufficient facts to survive dismissal. Plaintiff notes her membership in a protected class as "a South Asian woman of color" and states that she performed her job duties successfully and received accolades from patients. (ECF No. 16-2 at 4.) Plaintiff's additional allegations that Defendant Quinn criticized Plaintiff's job performance without warrant and subjected Plaintiff to less favorable treatment than Plaintiff's white co-worker meet the bare minimum pleading standard of *Twombly* and *Iqbal*. Although Plaintiff's Amended Complaint includes scant detail, a complaint need not include "detailed factual allegations," and may survive a motion to dismiss if it alleges sufficient facts to create a cognizable cause of action. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Under the standard explained in *Twombly* and *Iqbal*, Plaintiff has met her burden to plead sufficient facts—if taken as true—to meet the elements of a cognizable disparate treatment claim under Title VII and MFEPA. Accordingly, Defendants' Motion to Dismiss is DENIED as to Counts I and II.

### C. Retaliation Under Title VII of the Civil Rights Act of 1964 (Count III) and Retaliation Under MFEPA (Count IV)

However, Plaintiff has failed to sufficiently plead her retaliation claims.[5] Title VII prohibits an employer from discriminating against an employee "because[s]he has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). The elements of a retaliation claim are: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman*, 626 F.3d at 190 (citing *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004)). For purposes of the second element, a plaintiff must allege that the action "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Wonasue v. Univ. of Maryland Alumni Ass'n*, 984 F. Supp. 2d 480, 491–92 (D. Md. 2013) (quoting *Madock v. McHugh*, No. ELH-10-2706, 2011 WL 3654460, at *26, 2011 U.S. Dist. LEXIS 92392 (D. Md. Aug. 18, 2011)). The standard for an "adverse action" in a retaliation claim "is less strenuous than the standard in a discrimination claim, because the adverse employment action in a retaliation case need not affect an employee's terms or conditions of employment." *Id.* (internal citations and quotation marks omitted).

To satisfy the third element of a retaliation claim, a Plaintiff must allege both a close temporal link between the protected action and the adverse employment action. *Roberts v. Glenn Ind. Grp., Inc.*, 998 F.3d 111, 126 (4th Cir. 2021); *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508 (2001) (noting that where a Plaintiff's retaliation claim rests on solely temporal proximity between the protected action and the adverse employment action, "the

---

[5] As noted above, this Court considers Plaintiff's retaliation claims under Title VII and MFEPA together.

temporal proximity must be 'very close'"). The Fourth Circuit has held that "a lapse of three to four months between the employer's knowledge of the protected activity and the alleged retaliation 'is too long to establish a causal connection by temporal proximity alone.'" *Roberts*, 998 F.3d at 127 (quoting *Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006).

Here, Plaintiff has not sufficiently alleged a causal connection between her protected reports of Defendant Quinn's behavior and her termination. Plaintiff's Amended Complaint alleges that she was terminated "[a]s a direct act of retaliation" but provides no further facts to support this conclusory allegation. (ECF No. 16-2 at 8.) Plaintiff first reported Defendant Quinn's actions in February 2021, but Plaintiff was not terminated until May 2021. Absent other factual allegations, this three-month lapse between healthcare provider Defendants' receipt of Plaintiff's reports and Plaintiff's termination is insufficient to establish the causal link required for a plausible retaliation claim. *See Roberts*, 998 F.3d at 127. As discussed on the record, Plaintiff has already amended her complaint once and has failed to sufficiently plead her retaliation claims. Accordingly, Counts III and IV are DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** this 26th day of October, 2023, that:

1. Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 16) is **GRANTED**;

2. Defendants' Motion to Dismiss (ECF No. 11) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Defendants' Motion to Dismiss (ECF No. 11) is **GRANTED** on all claims as to Defendant Centennial LLC, and all claims against Defendant Centennial LLC are **DISMISSED WITH PREJUDICE** and the Clerk of Court is instructed to **ALTER** the case caption accordingly. Defendants' Motion to Dismiss (ECF No. 11) is also **GRANTED** with respect to Plaintiff's retaliation claims, and Counts III and IV are **DISMISSED WITH PREJUDICE** as to all Defendants. Defendants' Motion to Dismiss (ECF No. 11) is **DENIED** with respect to Plaintiff's disparate treatment claim under Title VII and MFEPA—Counts I and II;

3. This case shall **PROCEED** with respect to Counts I and II against Defendants Centennial Medical Group, PA, Premier Medical Management, LLC, First Call Urgent Care, LLC, and Megan Quinn;

4. Defendants Centennial Medical Group, PA, Premier Medical Management, LLC, First Call Urgent Care, LLC, and Megan Quinn are directed to file an Answer as to Counts I and II within fourteen days;

5. This Court will enter a Scheduling Order; and

18

6.  The Clerk of the Court shall transmit a copy of this Memorandum Order to counsel of

record.

                                        /s/
                              _____
                              Richard D. Bennett
                              United States Senior District Judge